```
      L5cnwoop

 1    UNITED STATES DISTRICT COURT
      SOUTHERN DISTRICT OF NEW YORK
 2    ------------------------------x

 3    UNITED STATES OF AMERICA,

 4               v.                             18 Cr. 423 (GBD)

 5    FATIMA WOODS,

 6

 7                    Defendant.

 8                                              Plea
      ------------------------------x
 9
                                                New York, N.Y.
10                                              May 12, 2021
                                                2:00 p.m.
11

12    Before:

13
                         HON. GEORGE B. DANIELS,
14
                                                District Judge
15
                    APPEARANCES (Via Microsoft Teams)
16
      AUDREY STRAUSS
17         United States Attorney for the
           Southern District of New York
18    BY:  JESSICA GREENWOOD
           Assistant United States Attorney
19
      MITCHELL ELMAN
20         Attorney for Defendant

21

22

23

24

25
                       SOUTHERN DISTRICT REPORTERS, P.C.
                                (212) 805-0300
```

L5cnwoop

1    THE COURT:  Good afternoon.  Let me start with the
2 government.
3    What's the status from the government's perspective,
4 Ms. Greenwood?
5    MS. GREENWOOD:  Yes.  Good afternoon, your Honor, AUSA
6 Jessica Greenwood.
7    As I understand from defense counsel, the defendant is
8 prepared to enter a plea today.  We've completed discovery, and
9 on April 1, made a plea offer to the defendant, which has
10 lapsed, so we understand she is going to be pleading open to
11 the one-count indictment.
12   THE COURT:  Mr. Elman, first of all, have you
13 discussed with Ms. Woods her right to be present in court for
14 these proceedings, and does she waive that right, and do you
15 have an application on her behalf?
16   MR. ELMAN:  Yes, your Honor.  Good afternoon.
17 Mitchell Elman.  We are going to be seated, if that's okay.
18   THE COURT:  Yes, please.
19   MR. ELMAN:  Good afternoon, sir.
20   Yes, I have discussed the waiver, which I have here,
21 your Honor, which I sent to your Court, the waiver of right to
22 be present at a criminal proceeding.  I have discussed
23 Ms. Woods' right to be present in court, and we do consent to
24 this this virtual proceeding.
25   THE COURT:  And I find that the interests of justice

1  do not warrant any further delay and would not be furthered by
2  any further delay in these proceedings.
3          Ms. Woods, would you raise your right hand.  I will
4  swear you in.
5          (Defendant sworn)
6          THE COURT:  All right.  And if you could just move
7  that camera down a little bit so I can see Ms. Woods.
8          You can put your hand down, Ms. Woods.
9          MR. ELMAN:  Is that better?
10         THE COURT:  Yes, sir.
11         MR. ELMAN:  In response to your question, yes, your
12 Honor, we have discussed all of Ms. Woods' rights, and
13 Ms. Woods is withdrawing her previously entered plea of not
14 guilty and is going to enter a plea of guilty to the one-count
15 indictment.
16         THE COURT:  Ms. Woods, do you understand that you are
17 now under oath, and that if you answer any of my questions
18 falsely, your false or untrue answers may later be used against
19 you in another prosecution for perjury or making a false
20 statement?
21         Do you understand that?
22         THE DEFENDANT:  Yes.
23         THE COURT:  I'm sorry.  I can't hear you.  You need to
24 get closer to the microphone.
25         THE DEFENDANT:  I understand.

1          THE COURT:  All right.  Now, what is your full name,
2     Ms. Woods?
3          THE DEFENDANT:  Fatima Dawana Woods.
4          THE COURT:  How old are you?
5          THE DEFENDANT:  30.
6          THE COURT:  And how far did you go in school?
7          THE DEFENDANT:  To college.
8          THE COURT:  And are you now or have you recently been
9     under the care of a doctor or psychiatrist?
10         THE DEFENDANT:  A doctor?
11         THE COURT:  Or psychiatrist.
12         THE DEFENDANT:  Yes, a doctor, yes.
13         THE COURT:  Okay.  And, just generally, what kind of
14    treatment have you been receiving?
15         THE DEFENDANT:  High blood pressure, asthma, and
16    diabetes.
17         THE COURT:  And have you ever been treated or
18    hospitalized for any mental illness or any type drug or alcohol
19    addiction?
20         THE DEFENDANT:  No.
21         THE COURT:  In the past 24 hours, have you taken any
22    drugs, medicine, or pills?
23         THE DEFENDANT:  No.
24         THE COURT:  Is your mind clear today?
25         THE DEFENDANT:  It is.

L5cnwoop

1        THE COURT:  Are you feeling well today?
2        THE DEFENDANT:  I'm doing well.
3        THE COURT:  Do either counsel have any doubt as to the
4   defendant's competence to plead at this time?
5        MR. ELMAN:  No, your Honor.
6        MS. GREENWOOD:  Not from the government.
7        THE COURT:  Then, Ms. Woods, your attorney has
8   informed me that you wish to waive your presence in court today
9   and by this virtual proceeding that you wish to plead guilty to
10  Count One of this indictment.
11       Is that what you wish to do today?
12       THE DEFENDANT:  That's correct, your Honor.
13       THE COURT:  And have you had a full opportunity to
14  discuss your case with your attorney and discuss the
15  consequences of pleading guilty?
16       THE DEFENDANT:  Yes, I have, your Honor.
17       THE COURT:  And are you satisfied with your attorney
18  and his representation of you?
19       THE DEFENDANT:  I am very satisfied with him.
20       THE COURT:  I'm sorry?
21       THE DEFENDANT:  I'm very satisfied with him, yes, your
22  Honor.
23       THE COURT:  On the basis of Ms. Woods' responses to my
24  questions and my observations of her demeanor, I find that
25  she's fully competent to enter an informed plea at this time.

1            Ms. Woods, before I accept any plea from you, I am
2    going to ask you certain questions.  My questions are intended
3    to satisfy me that you wish to plead guilty because you are in
4    fact guilty and that you fully understand the consequences of
5    your guilty plea.  If you do not understand a question, please
6    stop me and ask me or your attorney for further explanation.
7            Is that clear?
8            THE DEFENDANT:  Yes, your Honor.
9            THE COURT:  I am first going to describe to you
10   certain rights that you have under the Constitution and laws of
11   the United States.  You will be giving up these rights if you
12   enter a plea of guilty.
13           So, again, please listen carefully because at the end
14   of my description of all of your rights I will again ask you
15   whether you fully understood all that I have said.  Okay?
16           THE DEFENDANT:  Yes.
17           THE COURT:  First of all, I do have a waiver of right
18   to be present at criminal proceeding.
19           Is that your signature on this document?
20           THE DEFENDANT:  It is, your Honor.
21           THE COURT:  And did you discuss this right with your
22   attorney before you signed it?
23           THE DEFENDANT:  Yes, I have.
24           THE COURT:  And are you knowingly and voluntarily
25   waiving your physical presence in court to proceed with this

1  proceeding.
2           THE DEFENDANT:  Yes, your Honor.
3           THE COURT:  Under the Constitution and laws of the
4  United States, you still have a right to a speedy and a public
5  trial by a jury on the charges against you that are contained
6  in the indictment.
7           Do you understand that?
8           THE DEFENDANT:  I understand.
9           THE COURT:  And if there were a trial, you would be
10 presumed innocent, and the government would be required to
11 prove your guilt by competent evidence and beyond a reasonable
12 doubt.  You would not have to prove that you were innocent at
13 the trial.
14          Do you understand that?
15          THE DEFENDANT:  I understand.
16          THE COURT:  If there were a trial, you would have a
17 right to be represented by an attorney at the trial and any
18 related proceeding, and if you could not afford an attorney,
19 one would be provided to you free of cost.
20          Do you understand that?
21          THE DEFENDANT:  I understand.
22          THE COURT:  And if there were a trial, you would have
23 a right to see and hear all of the witnesses against you, and
24 your attorney could cross-examine those witnesses.  You would
25 have a right to have subpoenas issued or other compulsory

1  process used to compel witnesses to testify in your defense.

2  Do you understand all of that?

3  THE DEFENDANT:  I do, your Honor, yes.

4  THE COURT:  And if there were a trial, you would have

5  a right to testify if you wanted to, but no one could force you

6  to testify if you did not want to.

7  Further, no inference or suggestion of guilt could be

8  drawn by the jury if you chose not to testify at a trial.  You

9  could go to trial without testifying or calling any witnesses

10  or presenting any evidence whatsoever.

11  Do you fully understand that?

12  THE DEFENDANT:  I do, your Honor.

13  THE COURT:  And do you understand each and every one

14  of these rights that I just have indicated to you?

15  THE DEFENDANT:  I do.

16  THE COURT:  Do you understand that by entering a plea

17  of guilty today you are giving up each and every one of these

18  rights, that you are waiving these rights, and that you will

19  have no trial?

20  Do you understand that?

21  THE DEFENDANT:  Yes, your Honor.

22  THE COURT:  And do you understand that you can change

23  your mind right now and refuse to enter a plea of guilty.  You

24  do not have to enter this plea of guilty if you do not want to

25  for any reason.

L5cnwoop

1               Do you fully understand that?
2               THE DEFENDANT:  Yes, your Honor.
3               THE COURT:  Now, have you received a copy of the
4    indictment?
5               THE DEFENDANT:  Yes, your Honor.
6               THE COURT:  Have you read it?
7               THE DEFENDANT:  Yes, I've read it.
8               THE COURT:  And have you discussed the charges in this
9    indictment with your attorney?
10              THE DEFENDANT:  Yes, your Honor.
11              THE COURT:  And do you understand that Count One of
12   this indictment charges you with participating in a conspiracy
13   to distribute and possess with the intent to distribute
14   oxycodone?
15              Do you understand that charge?
16              THE DEFENDANT:  Yes, your Honor.
17              THE COURT:  And do you understand that the maximum
18   possible penalty that can be imposed for the crime to which you
19   are offering to plead guilty is a maximum sentence of up to 20
20   years' imprisonment, a maximum term of up to lifetime
21   supervised release, a mandatory minimum term of three years'
22   supervised release, and up to a fine of a million dollars or
23   twice the gain or loss from the offense, and I must impose a
24   mandatory $100 special assessment?
25              Do you understand that those are the penalties that

can be imposed on the crime to which you are offering to plead guilty?

THE DEFENDANT:  Yes.

THE COURT:  And supervised release means that if you're sentenced to prison you would be under supervision after your release from prison, and that supervision would be under terms and conditions which could lead to your reimprisonment without a jury trial if you violated any of the conditions of your release.

Do you understand that?

THE DEFENDANT:  Yes, your Honor.

THE COURT:  And do you further understand that if you are a United States citizen and I accept your guilty plea, that felony conviction may deprive you of valuable civil rights, such as the right to vote, the right to hold public office, the right to serve on a jury, or the right to possess any kind of firearm?

Do you understand that?

THE DEFENDANT:  Yes, your Honor.

THE COURT:  And do you also understand that if you are not a citizen of the United States and I accept your guilty plea, the condition of that conviction may subject you to deportation and/or deprive you of the right to apply for United States citizenship or to reenter this country?

L5cnwoop

        Do you understand that?

        THE DEFENDANT:  Yes, your Honor.

        THE COURT:  And under current law there are sentencing guidelines that judges must consider in determining your sentence.

        Have you discussed the sentencing guidelines with your attorney?

        THE DEFENDANT:  Yes, your Honor.

        THE COURT:  And do you understand that although there may be a calculation of the applicable guideline range contained in a letter from the government to your attorney, this Court will not be able to determine your sentencing guideline range until after the presentence report is completed by the probation department and you and the government have had a chance to challenge any of the facts reported by the probation office and its officers?

        Do you understand that?

        THE DEFENDANT:  Yes, your Honor.

        THE COURT:  And do you further understand that even after I have determined what sentencing guideline range applies in your case, I have the authority to impose a sentence that is higher or lower than the sentence calculated by the sentencing guidelines?

        Do you understand that?

1          THE DEFENDANT:  Yes, your Honor.

2          THE COURT:  And do you understand that if your

3    attorney or anyone else has attempted to estimate or predict

4    what your sentence will be, their estimate or prediction could

5    be wrong.

6          Do you understand that?

7          THE DEFENDANT:  Yes, your Honor.

8          THE COURT:  No one, not either your attorney nor the

9    United States Attorney, can nor should give you any assurance

10   as to what your sentence will be, because, as I just said, I

11   cannot determine that sentence until after the presentence

12   report is completed, I have ruled on any challenges to the

13   report, and I have determined if there are any grounds to

14   depart up or down from the sentencing guideline range, and I

15   must determine what is a reasonable sentence in your particular

16   case.

17         Do you understand all of that?

18         THE DEFENDANT:  Yes, your Honor.

19         THE COURT:  And do you also fully understand that even

20   if your sentence is different from what your attorney or anyone

21   else told you it might be, or if it is different from what you

22   expect, you would still be bound by the guilty plea that you

23   are entering today and not be allowed to withdraw your guilty

24   plea after it is entered, and I will sentence you on the date

25   of the sentence pursuant to the guilty plea that you're

L5cnwoop

1    entering today?
2             Do you understand all of that?
3             THE DEFENDANT:  Yes, your Honor.
4             THE COURT:  And, Mr. Elman, do you know of any valid
5    defense that would prevail at trial or any reason why your
6    client should not be permitted to plead guilty?
7             MR. ELMAN:  No, your Honor.
8             THE COURT:  And, Ms. Woods, why don't you tell me what
9    you did in connection with this charge that makes you guilty of
10   this offense.
11            MR. ELMAN:  Just a moment, your Honor.
12            THE COURT:  Yes.
13            THE DEFENDANT:  In the Southern District, I
14   participated in a conspiracy to distribute and possess with
15   intent to distribute oxycodone.
16            THE COURT:  And where in New York did this take place?
17            THE DEFENDANT:  In the Southern District.
18            THE COURT:  What part?  In New York City?  What
19   borough?
20            THE DEFENDANT:  Manhattan.
21            THE COURT:  Okay.  And you agreed with others, at
22   least one other person to be involved in this conspiracy?
23            THE DEFENDANT:  Yes, your Honor.
24            THE COURT:  And that was a conspiracy to distribute or
25   sell oxycodone?

L5cnwoop

1           THE DEFENDANT:  Yes, your Honor.
2           MR. ELMAN:  Judge, one thing.
3           Which county did this take place?
4           THE DEFENDANT:  Queens.
5           MR. ELMAN:  That's in the Eastern District.
6           THE COURT:  Okay.  Your participation or your role was
7    mostly out of Queens?
8           THE DEFENDANT:  Yes, your Honor.
9           THE COURT:  And so how do you plead to this charge?
10          Guilty or not guilty?
11          THE DEFENDANT:  Guilty.
12          THE COURT:  Are you pleading guilty because you are in
13   fact guilty of this charge?
14          THE DEFENDANT:  Yes, your Honor.
15          THE COURT:  And are you pleading voluntarily and of
16   your own free will?
17          THE DEFENDANT:  Yes, your Honor.
18          THE COURT:  Ms. Greenwood, anything further on the
19   allocution?
20          MS. GREENWOOD:  Yes, your Honor.  For purposes of
21   venue, I would just proffer that the government's evidence
22   would include evidence that, in furtherance of the conspiracy,
23   Ms. Woods would travel from her home in New Jersey to Queens
24   traveling via Manhattan in order to to acquire the oxycodone
25   that she was distributing.

SOUTHERN DISTRICT REPORTERS, P.C.
(212) 805-0300

1          THE COURT:  Is that accurate and true, Ms. Woods?

2          THE DEFENDANT:  Yes, your Honor.

3          THE COURT:  Then, because you've acknowledged that
4   you're guilty as charged in Count One of this indictment,
5   because you know your rights and are waiving them, because your
6   plea is entered knowingly and voluntarily and is supported by
7   facts containing each of the essential elements of this
8   offense, I accept your guilty plea and adjudge you guilty of
9   the Count One of this indictment.

10          Now, the next step will be the probation office will
11   prepare a presentence report to assist me in sentencing you.
12   You will be interviewed by the probation office, and it is
13   important that the information you give the probation officer
14   be truthful, accurate, and complete.

15          The report is important in my decision as to what your
16   sentence will be.  You and your attorney and the government
17   will all have an opportunity to examine the report, challenge
18   or comment upon it and to speak before I impose sentence.

19          How about a September 15 sentencing date?

20          MR. ELMAN:  Just a moment, your Honor.

21          THE COURT:  Sure.

22          MR. ELMAN:  I am assuming by then that we will be in
23   court.

24          THE COURT:  Yes.  We will assume that it will be live
25   unless there is an issue.

L5cnwoop

1       MR. ELMAN:  Do you know what time yet?
2       THE COURT:  10 o'clock.
3       MR. ELMAN:  If possible, then, could we do the
4  Tuesday, because there is a holiday that week.
5       THE COURT:  Okay.  Let me look.  It would be easier
6  for me on a Wednesday.
7       MR. ELMAN:  I could do September 22, if that works.
8       THE COURT:  That may be more convenient.  Let me just
9  take a quick look at my calendar.
10       September 22 at 10 o'clock?
11       MR. ELMAN:  That's great, Judge.
12       THE COURT:  All right.  Let's do that then.  I will
13  see all the parties at that time on that day.
14       Anything further by the government?
15       MS. GREENWOOD:  No, your Honor.
16       The only thing I just wanted to make sure for the
17  record, I wasn't sure if in describing her conduct if Ms. Woods
18  provided a date at all.  The indictment covers 2017 and 2018,
19  and I am not sure that she discussed the date.  I may have
20  missed it.
21       THE COURT:  Approximately when did this activity take
22  place, Ms. Woods?
23       (Counsel and the defendant conferred)
24       THE DEFENDANT:  Approximately 2018.
25       THE COURT:  Is that good enough, Ms. Greenwood?

L5cnwoop

1           MS. GREENWOOD:  That is, your Honor.  I thank you.  I
2 just wanted to make shoe we had all of it covered.
3           THE COURT:  All right.  Then I will see all of the
4 parties at that time.
5           MR. ELMAN:  Thank you very much.
6           THE COURT:  You're welcome.
7           MR. ELMAN:  Be safe and be healthy everyone.
8           THE COURT:  Thank you.
9           (Adjourned)

10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25