

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

January 27, 2022

**BY ECF**
The Honorable George B. Daniels
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

Re: *United States* v. *Fatima Woods*, 18 Cr. 423 (GBD)

Dear Judge Daniels:

The Government writes in opposition to the defendant's fifth request to adjourn sentencing. As explained below, the history of this case is replete with requests from the defendant to adjourn and delay. Simply, the defendant's campaign to indefinitely avoid the consequences of her criminal conduct must end. It is long past time for this case to reach a conclusion. Sentencing should proceed, as scheduled, on February 2, 2022.

By way of background, the defendant was arrested, nearly four years ago, on May 16, 2018. At her presentment, the defendant was represented by counsel appointed pursuant to the Criminal Justice Act. An indictment was returned on June 14, 2018. The next month, the defendant retained Barry Zone, Esq. who appeared in this matter as the defendant's counsel. Several adjournments of conferences followed. Most were unopposed, and some were due to then-defense counsel's health problems.

On January 23, 2019, the Court granted the defendant's request to adjourn a pretrial conference, for 30-days, so that the defense could review discovery and "engage in meaningful plea discussions." (Dkt. 28.) A conference was set for February 27, 2019. On February 26, 2019, the defendant requested another 30-day adjournment to review discovery and to "engage in meaningful plea discussion[s]." (Dkt. 30.) The Court granted the unopposed request, and a status conference was held on March 20, 2019. A bail hearing was scheduled for May 7, 2019 but, at the defendant's request, was adjourned to May 22, 2019. (Dkt. 42.) On May 22, 2019, at the conclusion of the bail hearing, the Court set a status conference for August 7, 2019. On August 5, 2019, the defendant requested an adjournment of that conference, which the Court granted. (Dkt. 45.) At the conclusion of an August 14, 2019 conference, the Court scheduled a conference for September 25, 2019. On September 24, 2019, the defendant requested an adjournment, which the Court granted, until November 6, 2019. (Dkt. 49.) On December 2, 2019, the Court set a bail review hearing for January 22, 2020. (Dkt. 50.) On January 21, 2020, the defendant sought an adjournment to February 5, 2020, which the Court granted. (Dkt. 52.)

On February 5, 2020, the Court set trial for April 27, 2020. (Dkt. 53, at 19.) Due to the advent of the COVID-19 pandemic, the trial date was canceled. (Dkt. 56.) Next, an August 5,

2020 conference was adjourned, at the defense's request, to September 16, 2020. (Dkt. 64.) The September 16, 2020 conference date was adjourned to November 4, 2020, at the defendant's request. (Dkt. 66.) The November 4, 2020 conference date was adjourned to December 1, 2020, at the defendant's request. (Dkt. 68.) The December 1, 2020, conference date was adjourned to January 13, 2021, at the defendant's request. (Dkt. 71.) The January 13, 2021 conference date was adjourned to March 24, 2021, at the defendant's request. (Dkt. 74.)

On March 23, 2021, the defense sought an adjournment to allow for additional time to "resolve several issues relating to [Mr. Zone's] representation." (Dkt. 73.) The Court granted the request and adjourned the conference until March 31, 2021. On March 30, 2021, Mr. Zone sought to be relived and Mitchell Elman, Esq. filed a notice of appearance in this case. On March 31, 2021, the Court granted Mr. Zone's request, relieved him, and scheduled trial for May 12, 2021. (March 31, 2021 Minute Entry.) On May 12, 2021, while represented by Mr. Elman, the defendant entered a plea of guilty, which the Court accepted.

Sentencing was initially scheduled for September 22, 2021. On September 8, 2021, the defense requested, and the Court granted, an unopposed request to adjourn sentencing to October 27, 2020. (Dkt. 89.) On October 18, 2021, the defense requested, and the Court granted, an unopposed request to adjourn sentencing to November 10, 2021. (Dkt. 91.) On November 4, 2021, the defense requested, and the Court granted, an unopposed request to adjourn sentencing to November 30, 2021. (Dkt. 93.) On November 10, 2021, Mr. Elman advised that counsel "reached an impasse" with the defendant and the defendant wished to withdraw her plea and obtain new counsel. (Dkt. 94.) _

During a November 30, 2021 in-court conference, this Court denied the defendant's request to withdraw her plea.[1] The Court further stated that if the defendant wished to hire another attorney, she may, but her sentencing submission was due on January 7, 2022. (Ex. A, Tr. At 10.) This Court was clear:

> [Y]ou or can make an application to substitute [counsel] for you but I'm not going to change that date, that will be January 7th for pretrial submission. I will schedule sentencing for February 2nd. . . . February 2nd at 10:30. We will move to sentence on that date and Ms. Woods should be prepared to be sentenced on that date. And I will not entertain any further applications to delay sentencing of this case; February 2nd, 10:30.

(Ex. A, at 10-11.)

At that conference, in response to the Court's oral scheduling order, the defendant herself stated that she is "not guilty. [And] I'm going to look for an attorney that can help me and help me assist Mr. Elman." (*Id.* at 12.) The Court then made clear, directly to the defendant:

---

[1] During the November 30, 2021 conference, the Court explained that it had reviewed the transcript of the change of plea hearing and determined there was no basis for the defendant's plea to be withdrawn.

That's fine. If that attorney is going to participate in the presentence submission, you should obtain that attorney in enough time so that I can get a submission on your behalf. . . . [If] you want to hire a different attorney for sentencing, I will only entertain that application if that new attorney is prepared and ready to go to proceed with sentence on February 2nd.

(*Id*. at 12.)

Despite the Court's clear warnings to the defendant, the defendant now seeks, just a week before sentencing, to retain new counsel (her fourth attorney in this matter). And the defendant's selected counsel is *not* "prepared" and "ready to" proceed on the date sentencing is scheduled. In fact, the proposed new attorney requires "a minimum" of 6-8 weeks to prepare for sentencing. (Dkt. 102.) While, given the defendant's long history of delaying this case, this fifth request to adjourn sentencing is not surprising, it should not be countenanced. The defendant herself has been on notice since at least November 30, 2021 that, if she wished to hire new counsel, that counsel must be available on February 2, 2022. Yet, she appears to have selected an attorney who would require further delay. Moreover, the defendant has demonstrated a history of "problems" with her retained counsel, and those problems tend to surface before significant events, such as trial dates, bail hearings and, sentencing. It appears problems with her counsel(s) are merely attempts to avoid resolving this case.

Mr. Elman, the second attorney the defendant hired, is well qualified to represent the defendant at sentencing. Mr. Elman filed a substantial sentencing submission in this case, is familiar with the facts of this matter, and has represented the defendant for months. If the defendant wanted to replace him, she could have done so long ago. Waiting until the last moment, in contravention of the Court's warning, is a transparent effort to delay the imposition of a sentence for the defendant's serious and damaging criminal conduct. The defendant's motion to adjourn sentencing until March 17, 2022, should be denied.

Respectfully submitted,

DAMIAN WILLIAMS
United States Attorney for the
Southern District of New York

By:_____/s/_____
    Ryan Finkel
    Jessica Greenwood
    Assistant United States Attorneys
    (212) 637-6612 / 1090

cc:    Counsel of record (by ECF)